UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ROSENFELD FAMILY FOUNDATION,  Plaintiff,  v.  ICONIX BRAND GROUP, INC., JUSTIN BARNES, F. PETER CUNEO, DREW COHEN, ROBERT C. GALVIN, and JAMES MARCUM,  Defendants. | Case No._____  **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**  JURY TRIAL DEMANDED |

Plaintiff Rosenfeld Family Foundation ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through its counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for its Complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Iconix Brand Group, Inc. ("Iconix" or the "Company") and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), arising out of their agreement to be acquired by Lancer Capital, LLC ("Lancer") through Iconix Acquisition

LLC ("Parent") and Iconix Merger Sub Inc. ("Purchaser") (the "Proposed Transaction") via a tender offer (the "Offer").

2. On June 11, 2021, Iconix and Lancer entered into an Agreement and Plan of Merger (the "Merger Agreement") pursuant to which, Iconix shareholders will receive $3.15 in cash for each share of Iconix common stock they own. The Offer is scheduled to expire at one minute after 11:59 p.m., Eastern time, on July 30, 2021.

3. On July 2, 2021, Iconix filed a Solicitation/Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") with the SEC which omits or misrepresents material information concerning the Proposed Transaction. The failure to adequately disclose such material information renders the Recommendation Statement false and misleading.

4. It is imperative that the material information that has been omitted from the Recommendation Statement is disclosed to the Company's stockholders prior to the expiration of the Offer. To remedy defendants' Exchange Act violations, Plaintiff seeks to enjoin the expiration of the Offer unless and until the material information discussed below is disclosed to Iconix's stockholders.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d)(4), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an

individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the actionable conduct took place, where most of the documents are electronically stored, and where the evidence exists. Iconix is headquartered in this District. Moreover, the Company's common stock trades on the Nasdaq Global Select Market, which is headquartered in this District, rendering venue in this District appropriate.

## PARTIES

8. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Iconix.

9. Defendant Iconix is a Delaware corporation, with its principal executive offices located at 1450 Broadway, New York, New York 10018. Iconix's common stock is traded on the Nasdaq Global Select Market under the ticker symbol "ICON."

10. Defendant Justin Barnes is, and has been at all relevant times, a director of the Company.

11. Defendant F. Peter Cuneo is, and has been at all relevant times, Chairman of the Board and a director of the Company.

12. Defendant Drew Cohen is, and has been at all relevant times, Lead Director and a director of the Company.

13. Defendant Robert C. Galvin is, and has been at all relevant times, President, Chief Executive Officer, and a director of the Company.

14. Defendant James Marcum is, and has been at all relevant times, a director of the Company.

15. Defendants identified in paragraphs 10 to 14 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Company Background

16. Iconix owns, licenses and markets a portfolio of approximately 30 global consumer brands across the women's, men's, home and international segments. The Company's business strategy is to maximize the value of its brands primarily through strategic licenses and joint venture partnerships around the world, as well as to grow the portfolio of brands through strategic acquisitions. As of December 31, 2020, the Company's brand portfolio includes Candie's, Bongo, Joe Boxer, Rampage, Mudd, London Fog, Mossimo, Ocean Pacific/OP, Danskin/Danskin Now, Rocawear, Cannon, Royal Velvet, Fieldcrest, Charisma, Starter, Waverly, Ecko Unltd /Mark Ecko Cut & Sew, Zoo York, Umbro, Lee Cooper, and Artful Dodger; and interests in Material Girl, Ed Hardy, Truth or Dare, Modern Amusement, Buffalo, Hydraulic, and PONY.

### The Proposed Transaction

17. On June 11, 2021, Iconix issued a press release announcing the Proposed Transaction stating, in pertinent part:

> NEW YORK, June 11, 2021 -- Iconix Brand Group, Inc. (Nasdaq: ICON) ("Iconix" or the "Company") today announced it has entered into a definitive agreement and plan of merger to be acquired by Iconix Acquisition Corp., an affiliate of Lancer Capital, LLC ("Purchaser"), in an all-cash transaction that values Iconix at approximately $585 million, including net-debt.
>
> "Today's announcement represents the culmination of a year-long examination by our Board of Directors of strategic alternatives for the Company," said Bob Galvin, Chief Executive Officer. "After a thorough and deliberative examination of all potential strategic alternatives, the Board of Directors determined that the transaction with Lancer provides the best value for our stockholders. We expect

that Iconix will continue developing its brands and supporting its partners as a private company."

Upon the terms and subject to the conditions of the agreement, Purchaser will commence a tender offer to acquire all of the outstanding shares of Iconix's common stock for $3.15 per share, in cash. The offer price per share of common stock represents a premium of 28.6% over Iconix's closing share price on June 10, 2021, the last trading day prior to announcement and a premium of approximately 46.5% over the 30-day average volume weighted share price for the period ended June 10, 2021.

Shares not tendered in the offer will be acquired in a second-step merger at the same cash price as paid in the offer. Closing of the transaction is conditioned upon, among other things, satisfaction of a minimum tender condition, clearance under the Hart-Scott-Rodino Antitrust Improvements Act of 1976 and other customary closing conditions. Upon completion of the transaction, Iconix will become a private company. Iconix currently expects the transaction to close before the end of the third quarter of 2021.

The Iconix board of directors has unanimously approved the transactions contemplated by the agreement, and determined that the agreement and the transactions contemplated by the agreement, are fair to, and advisable and in the best interests of the Company and its stockholders, and recommends the Company's stockholders tender their shares in the offer.

Ducera Partners is serving as financial advisor, and Dechert LLP is serving as legal counsel to Iconix. The Purchaser is being advised by Latham & Watkins LLP. Purchaser has obtained a debt financing commitment from Silver Point Capital.

## **The Recommendation Statement Materially Misleads Iconix Stockholders by Omitting Material Information**

28. On July 2, 2021, defendants filed the materially incomplete and misleading Recommendation Statement with the SEC and disseminated it to Iconix's stockholders. Designed to convince the Company's stockholders to tender their shares in the Proposed Transaction, the Recommendation Statement is rendered misleading by the omission of critical information.

29. *First*, the Recommendation Statement omits material information regarding the Company's financial projections.

30. The Recommendation Statement fails to disclose all line items underlying Company management's estimated unlevered free cash flows.

31. ***Second***, the Recommendation Statement omits material information concerning the financial analyses performed by the Company's financial advisor, Ducera Partners LLC ("Ducera").

32. With respect to Ducera's Discounted Cash Flow Analysis, the Recommendation Statement fails to disclose: (i) the unlevered free cash flows for the OpCo Assets and the Securitization Assets for the second half of fiscal year 2021 and fiscal years 2022 through 2025; (ii) the financial metric utilized to derive the terminal values; (iii) the terminal values; (iv) the individual inputs and assumptions underlying the discount rate ranges of 11.0% to 13.0% and 16.0% to 18.0%; and (v) the projected tax benefits of Iconix's net operating losses.

33. With respect to Ducera's Public Trading Peers Valuation Analysis and Analysis of Precedent Transactions, the Recommendation Statement fails to disclose Iconix's adjusted EBITDA utilized in the analyses.

34. ***Third***, the Recommendation Statement fails to disclose material information concerning the background of the Proposed Transaction.

35. The Recommendation Statement fails to disclose whether the confidentiality agreements entered into with potential counterparties, or any other parties involved in the sale process, include "don't-ask, don't-waive" ("DADW") standstill provisions that are still in effect and presently precluding any potential counterparty from submitting a topping bid for the Company.

36. The Recommendation Statement also fails to disclose the details of all indications of interest Iconix received in the process leading up to the Proposed Transaction.

37.     ***Fourth***, the Recommendation Statement fails to disclose the potential conflicts of interest faced by Company insiders.

38.     The Recommendation Statement fails to disclose the details of any employment and retention-related discussions and negotiations that occurred between Lancer and Iconix's executive officers, including who participated in all such communications, when they occurred and their content. The Recommendation Statement further fails to disclose whether any of Lancer's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

39.     In sum, the omission of the above-referenced information renders the Recommendation Statement materially incomplete and misleading, in contravention of the Exchange Act. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that Company stockholders will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

## COUNT I

**Claims Against All Defendants for Violations
of Section 14(d) of the Exchange Act and SEC Rule 14d-9**

40.     Plaintiff repeats all previous allegations as if set forth in full.

41.     Defendants have caused the Recommendation Statement to be issued with the intention of soliciting Iconix stockholders to tender their shares in the Offer.

42.     Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

43. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

44. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

45. The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of Iconix, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

46. Plaintiff repeats all previous allegations as if set forth in full.

47. Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances

under which they are made, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Offer.

48. Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender its shares pursuant to the Offer or seek appraisal.

49. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender its shares or seek appraisal.

## COUNT III

### Claims Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act

50. Plaintiff repeats all previous allegations as if set forth in full.

51. The Individual Defendants acted as controlling persons of Iconix within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers or directors of Iconix and participation in or awareness of the Company's operations or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

52. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

53. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of this document.

54. In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Recommendation Statement purports to describe the various issues and information that they reviewed and considered — descriptions which had input from the Individual Defendants.

55. By virtue of the foregoing, the Individual Defendants have violated section 20(a) of the Exchange Act.

56. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in its favor on behalf of Iconix, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

  C. Directing the Individual Defendants to disseminate a Recommendation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

  D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

  E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: July 22, 2021

                            /s/ RAA
                          **WEISSLAW LLP**
                          Richard A. Acocelli
                          1500 Broadway, 16th Floor
                          New York, New York 10036
                          Tel: (212) 682-3025
                          Fax: (212) 682-3010

**OF COUNSEL:**             *Attorneys for Plaintiff*

**FEDERMAN & SHERWOOD**
William B. Federman
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
Tel: (405) 235-1560
Fax: (405) 239-2112
-and-
212 W. Spring Valley Road
Richardson, Texas 75081

*Attorneys for Plaintiff*